

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,043 & AP-76,044

### EX PARTE BYRON DUANE LEAGUE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W03-32695-K(A) & W03-32694-K(A)
### IN THE CRIMINAL DISTRICT COURT NO. 4
### FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of evading arrest or detention with a motor vehicle, and one charge of aggravated assault of a public servant pursuant to plea agreements. He was sentenced to two years' state jail confinement, probated for three years in the evading arrest case, and received five years' deferred adjudication in the aggravated assault case. He later pleaded "true" to violating conditions of his community supervision, and was sentenced to two years' state jail for the evading arrest charge, and five years'

imprisonment for the aggravated assault charge, to run concurrently. No appeal was taken.

Applicant contends that his revocation/ adjudication counsel rendered ineffective assistance because he failed to advise Applicant of his appellate rights after revocation and adjudication. The trial court has determined that trial counsel was ineffective in that counsel did not advise Applicant of his appellate rights, and that such ineffective representation deprived Applicant of his rights to appeal in these two cases.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of conviction in Cause Nos. W03-32695-K(A) and W03-32694-K(A) from the Criminal District Court No. 4 of Dallas County. Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute appeals, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandates of this Court issue.

Delivered: November 26, 2008
Do Not Publish